AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, LOCAL 916, Petitioner,

v.

FEDERAL LABOR RELATIONS AUTHORITY, Respondent.

No. 85-2011.

United States Court of Appeals, Tenth Circuit.

March 6, 1987.

Kevin M. Grile, Staff Counsel, American Federation of Government Employees, AFL-CIO, Northfield, Ill., for petitioner.

William E. Persina, Associate Sol. (Ruth E. Peters, Sol., Steven H. Svartz, Deputy Sol., and Jill A. Griffin, Atty., with him on the brief), Federal Labor Relations Authority, Washington, D.C., for respondent.

Before LOGAN, McWILLIAMS and MOORE, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

■ This appeal presents the issue whether a union of government employees violates a duty of fair representation when it asserts a policy denying representation by union staff members to nonunion collective bargaining unit employees who pursue a statutory review of disciplinary actions. We conclude that the union's duty to represent all employees within its bargaining unit is coterminous with the union's power as exclusive representative and hold that because the statutory review procedures do not vest the union with any exclusive authority, the duty of fair representation does not apply to such proceedings. The contrary ruling of the Federal Labor Relations Authority (the Authority) is therefore reversed.

I.

The American Federation of Government Employees, AFL-CIO, Local 19 (the Union), is the exclusive bargaining representative for civilian employees at Tinker Air Force Base and Oklahoma City Air Force Station. Approximately 2,500 of those 14,000 employees are Union members.

In September 1981, the Union published an article in its newspaper describing the reinstatement of a Union member who had been represented by a paid Union staff person in a statutory review conducted by the Merit Systems Protection Board.[1] The

---

1. The Federal Service Labor-Management Relations Statute provides that for certain matters an employee has the option of using either the grievance procedure negotiated by the Union or the statutory appeals procedure, but not both. 5 U.S.C. § 7121(d), (e).

article reported that because the review was a statutory procedure, staff representation was available only to Union members.[2] The Department of the Air Force filed with the Authority a charge that the Union's representational policy constituted an unfair labor practice.

After a hearing, the Authority's administrative law judge found the Union's published statement on representation and its policy underlying that statement violated the Federal Service Labor-Management Relations Statute, 5 U.S.C. § 7114(a)(1) and was consequently an unfair labor practice in violation of 5 U.S.C. § 7116(b)(1), (8). The Union filed exceptions to the ALJ's decision with the Authority. After adopting the ALJ's findings, conclusions, and recommended order, the Authority ordered the Union to cease and desist from according differing standards of representation and to take specific remedial action. The Union filed a petition for review, and the Authority filed a crossapplication seeking enforcement of this order.

## II.

The genesis of this action lies within 5 U.S.C. § 7114(a)(1), which states:

A labor organization which has been accorded exclusive recognition is the exclusive representative of the employees in the unit it represents and is entitled to act for, and negotiate collective bargaining agreements covering, all employees in the unit. *An exclusive representative is responsible for representing the interests of all employees in the unit it represents without discrimination and without regard to labor organization membership.*

(Emphasis added.) The issue we must address is whether the emphasized portion of § 7114(a)(1) imposes upon the Union a duty broader than the duty of fair representation applied to unions representing non-

government employees under the National Labor Relations Act (NLRA).

In private sector cases, the doctrine of fair representation was judicially inferred from the status unions gained as exclusive representatives of employees in a given bargaining unit. The Supreme Court reasoned that because the Congress had seen fit to vest unions with powers to "create and restrict the rights of those whom it represents," with that power came a corresponding duty. *Steele v. Louisville & Nashville R.R. Co.,* 323 U.S. 192, 202, 65 S.Ct. 226, 231, 89 L.Ed. 173 (1944). That duty, according to the Court, required the equal treatment of all bargaining unit employees regardless of union membership. The court stated:

So long as a labor union assumed to act as the statutory representative of a craft, it cannot rightly refuse to perform the duty, *which is inseparable from the power of representation conferred upon it,* to represent the entire membership of the craft.

*Steele,* 323 U.S. at 204, 65 S.Ct. at 232 (emphasis added).

In *Pham v. American Federation of Government Employees,* 799 F.2d 634 (10th Cir.1986), we applied to governmental labor unions the same duty of representation imposed upon their nongovernmental counterparts. Accordingly, the logical extension of *Pham* would require the conclusion that the roots of the duty of fair representation should coincide for both public and private labor unions.

The validity of that conclusion has been obfuscated because in adopting the last sentence in § 7114(a)(1), Congress added a statement not contained in the NLRA. Thus, the issue has become whether by this addition Congress intended to impose upon federal employee unions a broader duty than that vested in private unions.

This precise issue was considered in *National Treasury Employees Union v. Fed-*

---

**2.** The Union's policy is to represent *all* employees in disciplinary proceedings at the agency level, but if that proceeding results in a nonmember's suspension for a period longer than fourteen days or in removal, the Union will

continue to represent the nonmember only if that employee pursues the review procedure negotiated by the Union. If the nonmember chooses to pursue a statutory appeal, the Union will deny further representation.

*eral Labor Relations Authority,* 800 F.2d 1165 (D.C.Cir.1986). (*N.T.E.U.*) After reviewing the history of the doctrine of fair representation, the D.C. Circuit observed that the Supreme Court repeatedly grounded application of the duty "in the powers conferred upon the union by statute, the powers belonging to the union as exclusive representative." *N.T.E.U.*, 800 F.2d at 1169.[3] Because the application of the duty was always made coextensive with the statutory powers, the D.C. Circuit reasoned that "the duty is certainly not narrower than the power, and this formulation indicates that it is also not broader." *Id.* Applying this reasoning to the question whether the last sentence of § 7114(a)(1) mandates a higher duty for government employee unions, the court stated:

> [W]e cannot accept as reasonable the Authority's claim that, in including the second sentence in section 7114(a)(1), Congress intended to impose a duty broader than that implied in the private sector. The Supreme Court in *Steele* and subsequent cases drew from the first sentence of section 9(a) of the NLRA an implication of a duty that is substantially expressed in the second sentence of 5 U.S.C. § 7114(a)(1) (1982), the federal sector provision. The logical, and we think (in light of the history and the rationale for the duty of fair representation) conclusive, inference is that when Congress came to write section 7114(a)(1) it included a first sentence very like the first sentence of section 9(a) and then added a second sentence which summarized the duty the Court had found implicit in the first sentence. In short, Congress adopted for government employee unions the private sector duty of fair representation.

800 F.2d at 1171. This reasoning is sound and we agree.

In his analysis in the instant case, the ALJ incorrectly focused on the distinction between conditions of employment and "incidents of [union] membership." The ALJ concluded that representation of bargaining unit members in statutory proceedings was not an incident of membership for which the Union was entitled to seek or provide preferential treatment for its members. He reasoned that because "an adverse action grows out of employment," when the Union decided to provide that representation to some, it was required by the doctrine of fair representation to provide it to all. That reasoning ignores the basis for imposition of that duty.

■ Underlying the duty of fair representation is the notion that a union with an exclusive power cannot use that power coercively or contrary to the interests of an employee who has no representative other than the union. In this context, "fair representation" means that when a union uses a power which it alone can wield, it must do so for the benefit of all employees within its bargaining unit. Hence, when a union bargains for a grievance procedure in which it participates as the sole representative of all employees, the duty requires that the union's representation cannot be dependent upon union membership. If, on the other hand, an employee has the right to chose a representative other than the union, so that the union does not have an exclusive power that can be used contrary to the interests of the employee, there is no basis for requiring the union to furnish its services. In the latter instance, the employee's interests are protected by the availability of, and the right to choose, the representative services of another party.

In the case before us, then, the latter scenario prevails. By statute, the employee is entitled to choose a representative on appeal, and the union has no power to preclude that right or to insist upon appearing for the employee if the employee elects to pursue a statutory appeal procedure. 5 U.S.C. § 7114(a)(5). Hence, the fundamental reason for applying the doctrine of fair representation does not exist.

REVERSED.

---

3. An "exclusive representative," as the term applies here, is defined as "any labor organization which ... is certified as the exclusive representative of employees in an appropriate unit pursuant to [an election by employees]." 5 U.S.C. § 7103(a)(16).