Stephen T. AGUINAGA, et
al., Plaintiffs,

v.

JOHN MORRELL & COMPANY, et
al., Defendants.

Civ. A. No. 83–1858.

United States District Court,
D. Kansas.

Jan. 29, 1988.

---

Robert C. Brown, Ken M. Peterson, Dennis M. Feeney, Morris, Laing, Evans, Brock & Kennedy, Wichita, Kan., for plaintiffs.

Mikel Stout, Foulston, Siefkin, Powers & Eberh, Wichita, Kan., Irving M. King, Peggy A. Hillman, Cotton, Watt, Jones & King, Chicago, Ill., for defendants.

## OPINION AND ORDER

THEIS, District Judge.

This matter is presently before the court on the motion of United Food and Commercial Workers International Union, AFL–CIO/CLC and Local Union 340, United Food and Commercial Workers (Unions) to dismiss Count I of plaintiffs' second amended complaint for failure to state a claim upon which relief can be granted. Count I of plaintiffs' second amended complaint alleges that the Unions breached their duty of fair representation by failing to pursue an unfair labor practice charge against John Morrell & Company (Morrell) on plaintiffs' behalf. The issue presented by this motion is whether an exclusive bargaining representative, once it has filed a charge with the National Labor Relations Board (NLRB), breaches its duty of fair representation when it withdraws the charge.

The standards governing consideration of a motion to dismiss for failure to state a claim are clearly established. A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal basis of a claim rather than its factual basis. *Niece v. Sears, Roebuck & Co.*, 293 F.Supp. 792, 794 (N.D.Okla.1968). Motions to dismiss are disfavored: a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Kennedy v. Meacham*, 540 F.2d 1057 (10th Cir.

1976); *Jorgensen v. Meade Johnson Laboratories, Inc.*, 483 F.2d 237 (10th Cir. 1973). In considering a motion to dismiss, the factual allegations of a complaint must be taken as true; furthermore, all reasonable inferences must be indulged in favor of the plaintiff. *Mitchell v. King*, 537 F.2d 385 (10th Cir.1976); *Dewell v. Lawson*, 489 F.2d 877 (10th Cir.1974). Pleadings are to be liberally construed. *Gas-a-Car, Inc. v. American Petrofina, Inc.*, 484 F.2d 1102 (10th Cir.1973). The question is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence in support of his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

Taking plaintiffs' allegations as true, the complaint sets forth the following facts. Plaintiffs were members of the Unions and employees of Morrell's meat packing facility, Rodeo Meats, Inc. (Rodeo), in Arkansas City, Kansas. Prior to September 1, 1979, Unions became the exclusive bargaining agent for Union members employed at the Rodeo facility. The Unions negotiated with Morrell and entered into a collective bargaining agreement (the Master Agreement).

In December 1981, Morrell announced that it would permanently close the Rodeo plant. In June 1982, Morrell closed the Rodeo plant. At the time it closed the plant, Morrell had no intention of permanently closing the plant. Rather, Morrell was seeking to avoid its obligations under the Master Agreement. Sometime between May 1982 and August 31, 1982, the International Union became aware that Morrell intended to reopen the Rodeo plant in violation of the Master Agreement and relevant labor laws. No later than mid-September 1982, the International Union and Morrell secretly agreed that: the Rodeo plant could be reopened without suit being filed against Morrell; the Unions would not administer the contract rights of plaintiffs under the Master Agreement; and the agreement would not be revealed to the plaintiff class members.

On March 23, 1983, Morrell reopened the facility as Ark City Packing Company and

refused to recall the majority of class members who had worked there while it was operated under the Rodeo trade name. On March 30, 1983, the Unions filed an unfair labor practice charge against Morrell, contending that Morrell was discriminating against former Rodeo employees by refusing to recall them. The Unions further charged Morrell with unilaterally altering the terms and conditions of employment without notice to the Unions. The plaintiffs and the class they represent were unaware that the unfair labor practice charge was merely a sham designed to create the impression that the Union was protecting the rights of its members, and that the Union filed the charge solely to exert pressure on Morrell to be recognized. The plaintiff class learned about the charge no earlier than April 1983, and relied upon the Union to protect its interest.

In May 1983, the NLRB announced it was prepared to issue a complaint as a result of its investigation. The NLRB concluded that probable cause existed to believe Morrell had violated its obligations to the Unions and the Rodeo members. After the International Union and Morrell were notified that the NLRB was prepared to issue a complaint, they requested the NLRB to hold further action on the charge.

Thereafter, Morrell and the International Union agreed that Morrell would recognize the International Union as the exclusive bargaining representative of the Ark City Packing Company in exchange for a new collective bargaining agreement and withdrawal of the unfair labor practice charge. The Unions never revealed their agreements with Morrell to the plaintiff class nor asked for the consent or ratification of the plaintiff class. Plaintiffs allege that the Unions, particularly the International, have failed to deal honestly and in complete good faith with them and have acted arbitrarily and in bad faith with regard to plaintiffs' rights.

On July 25, 1983, the Unions requested leave to withdraw their charge. Plaintiffs and their class did not learn about the Unions' intent to withdraw the charge until early August 1983. The charge was withdrawn September 8, 1983. From December 18, 1981 to early August 1983, the plaintiff class had no knowledge of the conspiracy between Morrell and the Unions. As a part of the conspiracy, the Unions filed their unfair labor practice charge. The plaintiff class believed that the Unions were protecting their (plaintiffs') interests when in fact the Unions' primary interest was to be designated as the new bargaining representative.

The Unions ask that Count I of plaintiffs' second amended complaint be dismissed, arguing that a union's duty of fair representation does not extend to the pursuit of unfair labor practice charges, because plaintiffs had the right to pursue their own charge. The Supreme Court has recently summarized the extent of a union's duty of fair representation:

A union's statutory duty of fair representation traditionally runs only to the members of its collective-bargaining unit, and is coextensive with its statutory authority to act as the *exclusive representative* for all the employees within the unit.

*Schneider Moving & Storage Co. v. Robbins*, 466 U.S. 364, 376 n. 22, 104 S.Ct. 1844, 1851 n. 22, 80 L.Ed.2d 366 (1984) (emphasis added) (citing *Vaca v. Sipes*, 386 U.S. 171, 182, 87 S.Ct. 903, 912, 17 L.Ed.2d 842 (1967); *Humphrey v. Moore*, 375 U.S. 335, 342, 84 S.Ct. 363, 367, 11 L.Ed.2d 370 (1964)). Since plaintiffs could have filed an unfair labor practice charge themselves, the Unions were not plaintiffs' exclusive representative in this area. Therefore, the Unions argue, no duty of fair representation existed.

A union has a statutory duty fairly to represent the employees in its bargaining unit, both in its bargaining with the employer and in enforcement of the collective bargaining agreement. *Vaca v. Sipes*, 386 U.S. 171, 177, 87 S.Ct. 903, 909, 17 L.Ed.2d 842 (1967). A union is under

a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct.

*Id.* (citing *Humphrey v. Moore,* 375 U.S. 335, 342, 84 S.Ct. 363, 367, 11 L.Ed.2d 370 (1964)). The parties have not cited, nor has the court found, any controlling cases dealing with the existence of a duty of fair representation in the area of the statutory unfair labor practice charge procedure.

The closest case the court has found is *Steele v. Brewery & Soft Drink Workers Local 1162,* 107 L.R.R.M. (BNA) 2459, 94 Lab.Cas. (CCH) ¶ 13,654, 1980 WL 2218 (N.D.Ind.1980) (available on LEXIS, Genfed library, Dist file). The Unions quote the following passage to support their conclusion that their failure to pursue an unfair labor practice charge cannot constitute a breach of the duty of fair representation:

> It is a basic proposition that the duty of fair representation arises from the union's status as exclusive representative of employees. To the extent that the union is not the exclusive representative, it does not have the duty of fair representation. To the extent that the plaintiffs could have filed charges themselves with the NLRB, the union was not their exclusive representative.

107 L.R.R.M. at 2485, 94 Lab.Cas. at 21,-580. This quoted passage is dicta; the court specifically left undecided the issue of whether the union had the duty to file an unfair labor practice charge when the plaintiffs could have filed a charge themselves. *Id.* at 2486, 94 Lab.Cas. at 21,581.

The *Steele* court granted summary judgment to the union on the plaintiffs' claim of breach of duty based on the union's failure to file a charge with the NLRB over the alleged failure of the employer to bargain. The uncontroverted evidence showed that the union believed in good faith that the employer did bargain. "In view of this disposition of this claim, the court will not decide an additional issue raised by defendant union," namely, whether the union had a duty to file an unfair labor practice charge. Rather, the court decided to "leave[ ] the issue undecided." *Id.* at 2485, 94 Lab.Cas. at 21,579.

This court is persuaded more by the *Steele* court's actual reasoning than by the dicta quoted above.

A union breaches the duty of fair representation only if the alleged action or inaction was in bad faith. Therefore, failure by the union to file a charge with the NLRB concerning an unfair labor practice by the company would not be a breach of the duty of fair representation if the union believed in good faith that an unfair labor practice had not occurred. *Id.* at 2482, 94 Lab.Cas. at 21,577. Since the union established its good faith belief that no unfair labor practice had occurred, the union was entitled to summary judgment. *Id.*

In the present case, plaintiffs allege that the Unions' withdrawal of the unfair labor practice charge was done in bad faith. Further, plaintiffs allege that the unfair labor practice charge was a sham from the start. Taking these allegations as true, as the court must for purposes of this motion, the court concludes that plaintiffs have stated a claim for breach of the duty of fair representation.

The court finds further support for its decision in the two Tenth Circuit cases relied upon by the parties. The Unions rely primarily on *American Federation of Government Employees v. Federal Labor Relations Authority,* 812 F.2d 1326 (10th Cir.1987). In discussing the duty of fair representation, the court stated that "the union's duty to represent all employees within its bargaining unit is coterminous with the union's power as exclusive representative...." *Id.* at 1326. The court later stated:

> Underlying the duty of fair representation is the notion that a union with an exclusive power cannot use that power coercively or contrary to the interests of an employee who has no representative other than the union. In this context, "fair representation" means that when a union uses a power which it alone can wield, it must do so for the benefit of all employees within its bargaining unit.

*Id.* at 1328.

Under the regulations, "any person" may bring an unfair labor practice charge. 29 C.F.R. § 102.9. The term "person" includes one or more individuals or labor

**372**

organizations. 29 U.S.C. § 152(1); 29 C.F.R. § 102.1. The Unions argue that since plaintiffs had the right to pursue an unfair labor practice charge themselves, the Unions wielded no exclusive power, and no duty of fair representation existed.

Plaintiffs rely on *Foust v. International Brotherhood of Electrical Workers,* 572 F.2d 710 (10th Cir.1978), *rev'd in part on other grounds,* 442 U.S. 42, 99 S.Ct. 2121, 60 L.Ed.2d 698 (1979). In *Foust,* the union undertook to handle Foust's grievance against his employer. The union filed the grievance out of time. Foust's grievance was then denied as untimely. Foust sued the union for breach of its duty to represent him fairly. The union argued that since Foust had the right to file a grievance himself, the union had no duty to do so. *Id.* at 717. The court responded to the union's argument, holding:

> Having undertaken to act affirmatively on behalf of Foust, the Union is precluded from escaping responsibility by asserting that Foust could or should have presented the grievance rather that depend on it.

*Id.*

Neither of these Tenth Circuit cases is on point. In *American Federation,* the union had decided, in advance, not to represent nonunion employees in a statutory review procedure conducted by the Merit Systems Protection Board. By statute, the employees were entitled to choose their own representative for the review procedure. The court held that because the union did not have exclusive power to represent the employees in this procedure, the duty of fair representation did not apply. *American Federation of Government Employees,* 812 F.2d 1326, 1326.

Unlike *American Federation,* in *Foust* the union began to act affirmatively on behalf of an employee in processing a grievance. Even though the union did not wield the exclusive power to file a grievance, the duty of fair representation still applied. *Foust,* 572 F.2d 710, 717.

In the present case, since plaintiffs could have filed their own unfair labor practice charge, the Unions may not have had a duty to pursue an unfair labor practice charge on behalf of plaintiffs. *See American Federation,* 812 F.2d at 1326. However, once the Unions undertook to act affirmatively on behalf of plaintiffs, the duty of fair representation applied. The Unions could not later abandon the charge without a possible violation of their duty. *See Foust,* 572 F.2d at 717. The court concludes that plaintiffs have stated a claim upon which relief can be granted. The Unions' motion to dismiss must be denied.

IT IS BY THE COURT THEREFORE ORDERED that the Unions' motion to dismiss Count I of plaintiffs' second amended complaint is hereby denied.