**DEPARTMENT OF VETERANS AF-FAIRS, Department of Veterans Affairs Medical Center, Denver, Colorado, Petitioner,**

v.

**FEDERAL LABOR RELATIONS AUTHORITY, Respondent,**

and

**American Federation of Government Employees, Local 2241, Intervenor.**

Nos. 92–9528, 92–9531.

United States Court of Appeals, Tenth Circuit.

Aug. 30, 1993.

Jeffrica Jenkins Lee, Atty. (William Kanter, Atty., Appellate Staff and Stuart M. Gerson, Asst. Atty. Gen., with her on the brief), Dept. of Justice, Washington, DC, for petitioner.

Wendy B. Bader, Atty. (William E. Persina, Sol., William R. Tobey, Deputy Sol., and Arthur A. Horowitz, Associate Sol., with her on the brief), Federal Labor Relations Authority, Washington, DC, for respondent.

Kevin M. Grile, Asst. Gen. Counsel (Mark D. Roth, Gen. Counsel, Washington, DC, with him on the brief), American Federation of Government Employees, AFL–CIO, Chicago, IL, for intervenor.

Before LOGAN and MOORE, Circuit Judges, and McWILLIAMS, Senior Circuit Judge.

McWILLIAMS, Senior Circuit Judge.

These two petitions were consolidated for briefing and hearing in this court because each involved the question of whether the petitioner committed an unfair labor practice by not affording the labor union notice and an opportunity to be represented at a "formal discussion" concerning a "grievance", as those terms are used in 5 U.S.C. § 7114(a)(2)(A), between representatives of a federal agency and employees in the agency's bargaining unit.

In proceedings brought under the Federal Service Labor–Management Relations Statutes, as amended, 5 U.S.C. §§ 7101–7135, the Federal Labor Relations Authority (FLRA) held that in both cases the petitioner had committed an unfair labor practice and entered a cease and desist order in each. Thereafter petitioner filed timely separate petitions in this court for judicial review of FLRA's orders. 5 U.S.C. § 7123(a). FLRA in each case has filed a cross-application for enforcement of its order. The American Federation of Government Employees Local 2241 (Union) has filed a notice of intervention in each proceeding. 5 U.S.C. § 7123(b). We deny the petitions and order enforcement in each case.

## FACTS

### 1. No. 92–9528

In September 1990, the Department of Veterans Affairs Medical Center in Denver, Colorado (VAMC) terminated one of its employees, a VAMC police officer for, *inter alia*, physically and verbally assaulting his supervisor after arriving for duty in an intoxicated condition. The employee belonged to a bargaining unit represented by the Union. The employee appealed to the Merit Systems Protection Board (the Board) for administrative review of his termination. An attorney provided by the Union represented the employee in the appeal proceeding.

VAMC's staff attorney, Douglas D. Doane, was assigned to defend the employee's discharge at the Board hearing. Doane began his preparation by reviewing VAMC's records that were a part of VAMC's response to the employee's appeal to the Board. Included in VAMC's records was the report of the Board of Investigation, a three-member committee appointed by the Director of VAMC to investigate the altercation between the employee and his supervisor. That investigation was, of course, completed before VAMC terminated the employee.

During its inquiry into the matter, the Board of Investigation had taken statements of several employees at VAMC who were members of the Union. After reading these statements, Doane requested VAMC to schedule meetings with the employees thus interviewed so that he could personally interview them in preparation for the Board hearing. Thereafter, by memoranda, VAMC's Chief of Personnel Service informed each of those employees that they had been scheduled for an interview with Douglas Doane, VAMC's counsel, with reference to the impending Board hearing. Each of the memoranda provided the time and place for the interview and stated that the interview was expected to last thirty minutes.

Doane thereafter conducted interviews with the employees concerning their statements previously given and concerning what their testimony would be at the impending Board hearing. These interviews were held in VAMC's Employee Relations Section, a location other than the normal work sites of the employees. Two of the interviews were attended by a VAMC Supervisory Employee Relations Specialist. Each interview lasted about ten to twenty minutes. Some of the employees thus interviewed were called as witnesses at the Board's hearing held on December 13, 1990. Doane did not interview the discharged employee.

VAMC did not give notice to the Union that Doane planned to interview these employees. Based on that fact, the Union filed with FLRA a charge of unfair labor practice by VAMC. The Union charged that Doane, in interviewing the various employees of VAMC in preparation for the Board hearing, conducted a "formal discussion" concerning a "grievance" with bargaining unit employees without providing the Union advance notice and the opportunity to be represented at the interviews as required by 5 U.S.C. § 7114(a)(2)(A).[1]

Based on the Union's charge, FLRA's general counsel issued a complaint alleging an unfair labor practice by VAMC, to which VAMC filed an answer. The Union then moved for summary judgment. Pursuant to 5 U.S.C. § 7105(e)(2), the matter was referred to an administrative law judge (ALJ), who granted the motion. In so doing, the

ALJ concluded that Doane's interviews with the employees came within the purview of 5 U.S.C. § 7114(a)(2)(A) and that VAMC's failure to provide notice of the interviews violated 5 U.S.C. § 7116(a)(1) and (8).[2] The ALJ recommended that FLRA issue a cease and desist order against VAMC.

In a Decision and Order dated March 17, 1992, FLRA upheld the ALJ's findings and conclusions and issued a cease and desist order. *Department of Veterans Affairs, Dep't of Veterans Affairs Medical Ctr., Denver, Colo.,* 44 F.L.R.A. 408 (1992). VAMC now petitions for a review of FLRA's Decision and Order. As indicated, FLRA has filed a cross-application for enforcement.

### 2. No. 92–9531

On January 8, 1991, Doane conducted interviews with four VAMC employees in the bargaining unit represented by the Union to determine whether those employees had any relevant information to offer as testimony in an upcoming arbitration of a grievance the Union had filed on behalf of a discharged employee. VAMC's Assistant Chief of Pharmacy telephoned the four unit employees and scheduled each at times certain for their interviews, which were conducted in the office of the Chief of Pharmacy, away from the employees' work sites. Doane separately questioned each employee in an interview which lasted approximately fifteen minutes and made notes of their conversation.

The Union was not given advance notice of these interviews. Accordingly, the Union

---

1. 5 U.S.C. § 7114 provides as follows:

§ 7114. **Representation rights and duties**
(a)(1) A labor organization which has been accorded exclusive recognition is the exclusive representative of the employees in the unit it represents and is entitled to act for, and negotiate collective bargaining agreements covering, all employees in the unit. An exclusive representative is responsible for representing the interests of all employees in the unit it represents without discrimination and without regard to labor organization membership.
(2) An exclusive representative of an appropriate unit in an agency shall be given the opportunity to be represented at—
(A) any formal discussion between one or more representatives of the agency and one or more employees in the unit or their representatives concerning any grievance or any person-

nel policy or practices or other general condition of employment; or
(B) any examination of an employee in the unit by a representative of the agency in connection with an investigation if—
(i) the employee reasonably believes that the examination may result in disciplinary action against the employee; and
(ii) the employee requests representation.

2. § 7116. **Unfair labor practices**

(a) For the purpose of this chapter, it shall be an unfair labor practice for an agency—
(1) to interfere with, restrain, or coerce any employee in the exercise by the employee of any right under this chapter;
. . . .
(8) to otherwise fail or refuse to comply with any provision of this chapter.

filed a charge of unfair labor practice against VAMC with the FLRA. Based thereon, FLRA's general counsel issued a complaint against VAMC alleging that VAMC committed an unfair labor practice in meeting with the bargaining unit employees of VAMC "concerning a grievance, personnel policies, practices or other general conditions of employment ... without affording Local 2241 notice and an opportunity to be represented," in violation of 5 U.S.C. §§ 7114(a)(2)(A) and 7116(a)(1) and (8). VAMC filed an answer in which it admitted that Doane had met with the bargaining unit employees as alleged in the complaint, but denied that it was required by statute to give the Union advance notice and an opportunity to be represented at the interviews.

The parties later entered into a stipulation of facts and agreed to have the matter transferred to the FLRA for decision in lieu of a hearing before an administrative law judge. In a decision dated April 10, 1992, FLRA held that the interviews between Doane and the four unit employees were formal discussions within the meaning of 5 U.S.C. § 7114(a)(2)(A) and that VAMC violated 5 U.S.C. § 7116(a)(1) and (8) by failing to give the Union notice and an opportunity to be represented at the interviews. *Department of Veterans Affairs, Dep't of Veterans Affairs Medical Ctr., Denver, Colo.,* 44 F.L.R.A. 768 (1992). VAMC now petitions this court for a review of FLRA's Decision and Order. As indicated, FLRA has filed a cross-application for enforcement.

### DISCUSSION

#### 1. No. 92–9528

■ In holding that VAMC committed an unfair labor practice in failing to give the Union advance notice and an opportunity to be represented when VAMC's staff attorney interviewed the employees, FLRA relied on its prior decision in *Veterans Admin. Medical Ctr., Long Beach, Cal.,* 41 F.L.R.A. 1370 (1991).[3] In that Decision and Order, FLRA had held that interviewing employees by telephone in preparation for a Board hearing

was a "formal discussion" concerning a "grievance" within the meaning of 5 U.S.C. § 7114(a)(2)(A).

VAMC's basic position in this court in the present case is essentially as follows: (1) Doane's interview of the six VAMC employees did not constitute a "discussion"; (2) if such did constitute a "discussion," they did not constitute a "formal" discussion; and (3) if they did constitute a "formal discussion," they did not concern a "grievance." We hold that VAMC is in error in all of its alternative positions.

■ Under 5 U.S.C. § 7123(c), our review of FLRA's Decision and Order is limited to a determination of whether the FLRA's construction of its enabling statutes is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706. If it is "none of the above," then we must affirm FLRA's Decision and Order. *United States Dep't of Energy v. FLRA,* 880 F.2d 1163, 1165 (10th Cir.1989).

■ Proceeding to a consideration of the FLRA's findings and conclusions, most certainly, in our view, Doane had "discussions" with the six employees whom he interviewed in preparation for the hearing before the Board. The FLRA has consistently held that "discussion" is synonymous with "meeting." *See, e.g., Department of Defense, Nat'l Guard Bureau, Texas Adjutant General's Dep't, 149th TAC Fighter Group, Kelly Air Force Base,* 15 F.L.R.A. 529 (1984). That interpretation does not strike us as being arbitrary or capricious.

Further, we agree with FLRA that the discussions, or interviews, were "formal." In determining whether a discussion is formal, FLRA examines the totality of the circumstances in which the discussions took place. *See United States Dep't of Labor, Office of the Assistant Secretary for Admin. and Management, Chicago, Ill.,* 32 F.L.R.A. 465, 470 (1988). These particular interviews possessed strong characteristics of formality. Certainly the interviews were not spontaneous or chance meetings in the workplace. VAMC instructed the six employees to be

---

**3.** We are advised that VAMC has filed a petition for review of FLRA's Decision and Order in that case to the Court of Appeals for the Ninth Circuit, where it is presently pending.

present at the appointed time and place to be interviewed by Doane and were told to adjust their schedules if necessary. In two of the interviews, Doane had another management representative present. The interviews took place away from the employees' work sites and in the offices of management and took ten to twenty minutes. FLRA has in numerous cases ruled that interviews thus structured are formal. *See, e.g., Veterans Admin. Medical Ctr., Long Beach, Cal.,* 41 F.L.R.A. 1370 (1991); *Department of the Air Force, Sacramento Air Logistics Ctr., McClellan Air Force Base, Cal.,* 35 F.L.R.A. 594 (1990); *Department of the Air Force, F.E. Warren Air Force Base, Cheyenne, Wyo.,* 31 F.L.R.A. 541 (1988); *Department of the Air Force, Sacramento Air Logistics Cr., McClellan Air Force Base, Cal.,* 29 F.L.R.A. 594 (1987).

Since these interviews were in preparation for a hearing before the Board and not in preparation for an arbitration hearing under the grievance provisions of the collective bargaining agreement between the Union and VAMC, VAMC argues in this court that there were no formal discussions concerning a "grievance." This argument was rejected by FLRA in the present case. We agree with FLRA. The interpretation VAMC would give 5 U.S.C. § 7114(a)(2)(A) is too narrow. The statute requires notice and an opportunity for the Union to be represented at any formal discussion concerning "any grievance or any personnel policy or practice or other general condition of employment." This statute recognizes that the resolution of an individual employee complaint may have an impact on the rights of other unit employees. Further, 5 U.S.C. § 7103(a)(9)(A) states that "[f]or the purpose of this chapter 'grievance' means any complaint by any employee concerning any matter relating to the employment of the employee."

In this connection, we also note that 5 U.S.C. § 7121(e)(1) provides that an "aggrieved employee" who is removed from federal employment may file either a statutory appeal to the Board or a grievance under his collective bargaining agreement, but not both. Under VAMC's interpretation of "grievance," an "aggrieved employee" would by definition necessarily file a grievance under the collective bargaining agreement, and § 7121(e)(1) would make no sense. The formal discussions here did concern a "grievance." [4]

In upholding the Decision and Order of FLRA, we are greatly persuaded by the reasoning of *National Treasury Employees Union v. FLRA,* 774 F.2d 1181 (D.C.Cir. 1985) (*NTEU*). In that case, unlike in the present case, FLRA had held that the federal agency employer had *not* committed an unfair labor practice when it failed to provide the union with notice and an opportunity to be represented at an agency representative's interview of a bargaining unit employee scheduled to testify at a hearing before the Board. There FLRA, reversing the ALJ, had held that the "discussion" was not "formal" and did not concern a "grievance" within the meaning of 5 U.S.C. § 7114(a)(2)(A). On review, the Circuit Court for the District of Columbia reversed the FLRA and remanded the matter with direction that FLRA issue an appropriate order directing the federal agency to cease and desist from its unfair labor practice.

In *NTEU*, the District of Columbia Circuit rejected FLRA's holding that the dispute there involved did not concern a "grievance," as that word is used in 5 U.S.C. § 7114(a)(2)(A), because the discharged employee had challenged his discharge under the statutory appeal procedure, 5 U.S.C. § 7701, rather than under a negotiated grievance procedure pursuant to his collective bar-

**4.** We disagree with VAMC's suggestion that *American Fed'n of Gov't Employees Local 916 v. FLRA,* 812 F.2d 1326 (10th Cir.1987) dictates a reversal of FLRA's Decision and Order in the instant case. VAMC essentially argues that since we held in that case that a union has no duty to represent a bargaining unit employee before the Board in a statutory appeal, we must necessarily hold here that the union's rights under § 7114 do not apply in statutory appeals. We are not per-

suaded that a union's rights under § 7114 for the benefit of all its members are limited by the bounds of its duty of fair representation to an individual employee in the statutory appeal process.

We also disagree with VAMC's further suggestion that to give 5 U.S.C. § 7114(a)(2)(A) the meaning argued for by FLRA and the Union would render 5 U.S.C. § 7114(a)(2)(B) meaningless.

gaining agreement. In so holding, the Circuit Court fully considered the matter and concluded, as we do, that such is too narrow a reading of 5 U.S.C. § 7114(a)(2)(A). We are in accord with that Circuit's analysis of this particular matter.

In *NTEU*, the Circuit Court also held that the record did not support the FLRA's determination that the discussion between the employer's representative and the member of the collective bargaining unit was not a "formal" discussion. In thus holding, the Circuit Court noted that the meeting there in question was initiated by management, took place away from the employee's normal work area, and was marked by the taking of notes by a high level representative of management, all quite similar to the discussions in our cases.

We believe *IRS, Fresno Service Ctr., Fresno, Cal. v. FLRA,* 706 F.2d 1019 (9th Cir. 1983), relied on here by VAMC, to be distinguishable on the facts from the instant case. In that case, the Ninth Circuit held that 5 U.S.C. § 7114(a)(2)(A) did *not* apply to an Equal Employment Opportunity pre-complaint conciliation conference because that particular conference did not involve a "formal discussion" of a "grievance." That case required the Ninth Circuit to harmonize § 7114(a)(2)(A), giving the union the right to be represented at formal discussions, and EEOC regulations allowing an EEO counselor to attempt to resolve charges on an "informal basis" without revealing the identity of the complainant. Such competing policy considerations are not involved here.

### 2. No. 92–9531

The interviews that Doane conducted in this proceeding were in preparation for an arbitration hearing requested by a discharged employee under the grievance procedures in the collective bargaining agreement between VAMC and the Union. Such being the case, as we understand it, VAMC does

not contend that Doane's interviews with the four employees did *not* concern a "grievance." However, VAMC does argue that Doane's interviews with the four employees were not "formal discussions." Doane's interviews were structured in virtually the same manner as the interviews in No. 92–9528, and for the reasons set forth above, we conclude that they did constitute "formal discussions."[5]

■■■ VAMC argues, alternatively, that even should we conclude that Doane's interviews were "formal discussions" concerning a "grievance," the case should be remanded so that the collective bargaining agreement between the Union and VAMC could be considered and received into evidence. It is too late in the day for that. This particular case was submitted to FLRA on stipulated facts after VAMC and the Union agreed to bypass the ALJ.

### CONCLUSION

In both cases, the Decision and Order of FLRA is affirmed, and enforcement thereof is hereby ordered.

JOHN P. MOORE, Circuit Judge, specially concurring:

Because the court's rationale is unassailably correct, I must concur in the judgment. Compulsion, however, does not bring comfort to the choice.

What we have had to do here today is sustain an illogical result which will, until the underlying law is changed, hamper the traditional roles of counsel who participate in an administrative quest for truth. We may also expect inventive lawyers will soon find a way to avoid this consequence.

By requiring a lawyer to prepare for trial with adversarial counsel at the lawyer's elbow, the law sends that lawyer into the arena with only one arm. More stupendously, the

---

5. The fact that in earlier decisions FLRA had held that interviews arguably of the type conducted by Doane in the two cases here for review were not formal discussions concerning a grievance does not mean that FLRA's decision in the instant case should be given no deference, let alone that it must be reversed. Even assuming FLRA did change its position, the reasoning behind its current position was explained in detail in *Department of the Air Force, Sacramento Air Logistics Ctr., McClellan Air Force Base, Cal.,* 35 F.L.R.A. 594 (1990) and *Department of the Air Force, Sacramento Air Logistics Ctr., McClellan Air Force Base, Cal.,* 29 F.L.R.A. 594, and was based, at least to some extent, on *National Treasury Employees Union v. FLRA, supra.*

law gives the missing limb to the adversary to use as a club. Because the court has correctly reasoned the law requires this absurdity, I must concur; but I do not like doing so.